Paul PIERRILUS, Petitioner,

v.

U.S. IMMIGRATION & CUSTOMS ENFORCEMENT, Department of Homeland Security, Respondent.

No. 05–2913–ag.

United States Court of Appeals, Second Circuit.

Sept. 18, 2008.

Paul Pierrilus, pro se.

Gail Y. Mitchell, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), United States Attorney's Office for the Western District of New York, Buffalo, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT A. KATZMANN, Circuit Judges, EDWARD R. KORMAN,* District Judge.

## SUMMARY ORDER

Petitioner Paul Pierrilus, a native of Haiti, filed the instant petition, seeking review of (1) a June 1, 2004 order of an Immigration Judge ("IJ") denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture and ordering him removed; and (2) an August 25, 2005 order of the BIA, affirming the IJ's denial of petitioner's motion for reconsideration of the removal order. He also challenges the length of his detention by the Department of Homeland Security ("DHS") from February 2004 to August 2006.[1] We assume the parties' familiarity with the facts and procedural history of this case.

 We conclude that we lack jurisdiction to review two of petitioner's claims, and we deny the petition insofar as it challenges the BIA's August 2005 order. First, we cannot review the IJ's 2004 order because petitioner failed to appeal the order to the BIA. Generally, we "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). In this case, our authority to examine the IJ's order is foreclosed because "the requirement that petitioners appeal to the BIA [pursuant to] § 1252(d)(1) is jurisdictional." *Grullon v. Mukasey*, 509 F.3d 107, 112 (2d Cir.2007). Second, petitioner's challenge to the length of his detention is moot as a result of his release from DHS custody. Under 28 U.S.C. § 2241, the habeas statute under which petitioner challenged his detention, we retain jurisdiction so long as the petitioner is "in custody." 28 U.S.C. § 2241(c). However, it is not in dispute that petitioner has not been in DHS custody since August 2006. Finally, while petitioner's challenge to the BIA's August

* The Honorable Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

1. This claim began as a petition for writ of habeas corpus in the United States District Court for the Western District of New York but was transferred to this Court in June 2005, pursuant to section 106 of the REAL ID Act.

2005 order is more properly the subject of a separate petition for review, *see Zhao v. United States Dep't of Justice,* 265 F.3d 83, 89–90 (2d Cir.2001) (observing that a challenge to a removal order and a challenge to the denial of a motion for reconsideration of that order require two separate petitions for review), we nonetheless find no error in the BIA's denial of his motion for reconsideration.

For the foregoing reasons, the petition for review is DISMISSED insofar as it challenges the IJ's June 2004 order and petitioner's detention, and it is DENIED insofar as it challenges the BIA's August 2005 order.